Jansen Law Firm
Evgenia Jansen, State Bar license #291570
1618 Sullivan Ave., #375
Daly City, CA 94015

Tel: (650)392-5247
Email: jansenlawfirm@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Evgenia Jansen, Iryna Sotnikova,<br><br>     Plaintiffs,<br><br>vs.<br><br>Travelers Commercial Insurance<br><br>Company,<br><br>     Defendant | 3:16-cv-04834-JST<br><br>PLAINTIFFS NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES |

To the Honorable Court, the Plaintiff and his attorneys of record:

PLEASE TAKE NOTICE that on November 17, 2016 at 2 pm, or as soon thereafter as this matter may be heard, that Plaintiffs Evgenia Jansen and Iryna Sotnikova will move this court for an Order to Strike Defendant's Affirmative Defenses in the Courtroom 9 of the United States District court, Northern District of California, 450 Golden Gate Ave., San Francisco, California. The Motion will be based on this Notice of Motion, the

Memorandum of Points and Authorities, and such further oral and documentary

evidence or arguments as may be presented at the hearing on Plaintiffs' Motion.

## TABLE OF CONTENTS

|  | pages |
|---|---|
| TABLE OF AUTHORITIES | 2 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 4-25 |
| INTRODUCTION | 4 |
| LEGAL STANDARD | 5 |
| ARGUMENT | 8-25 |
| CONCLUSION | 25 |

## TABLE OF AUTHORITIES

**RULES**                                                              **pages**

**The Federal Rules of Civil Procedure**

| 8 | 5,6,7,15,24 |
|---|---|
| 9 | 12,18,19 |
| 12 | 5,7,9,10,25 |

**CASES**

| *Advanced Cardovascular Sys, Inc. v.Medtronic, Inc.*, 1996 WL 467273, (N.D. Cal. July 24, 1996) | 14 |
|---|---|
| *Ansari v. Electronic Document Processing, Inc et al*, No. 5:2012cv01245 (N.D. Cal. 2012) | 13 |
| *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) | 5 |
| *Barnes v. At t Pension Benefit Plan,* 718 F. Supp.2d 1167 (N.D. Cal. 2010) | 7,13,17,25 |
| *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) | 5 |
| *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734 (N.D. Ill. 1982) | 22 |

*Browning-Ferris Industries v. Kelco Disposal, Inc.* 492 U.S. 257 (1989)                23

*Comunale v. Traders & General Ins. Co.,* 50 Cal.2d 654 (Cal. 1958)                18

*Devermont v. City of San Diego,* Case no. 12-cv-01823 (S.D. Cal. Jun. 12, 2013)                21

*E.E.O.C. v. Interstate Hotels, LLC*, No. C 04-04092 WHA, 2005 WL 885604
 (N.D. Cal. Apr. 14, 2005)                10

 *Egan v. Mutual of Omaha Ins. Co.,* 24 Cal.3d 809 (1979)                19

*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993)                5

*Federal Deposit Ins. Corp. v. Main Hurdman,* 655 F. Supp. 259 (E.D. Cal. 1987)                6,11

*FDIC v. Haines*, 3 F. Supp. 2d 155 (D. Conn. 1997)                22

*Federal Trade Comm'n*, 564 F. Supp. 2d 663 (E.D. Tex. 2008)                7

*Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L. Ed. 2d 455 (1994)                5

*G & G Closed Circuit Events*, 2010 WL 3749284                12

*Gomez v. Toledo,* 446 U.S. 635, 640-41, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)                6

*Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 108 Cal. Rptr. 480, 510 P.2d 1032 (1973)                19

*Greiff v. T.I.C. Enter., L.L.C.,* No. Civ. 03-882-SLR, 2004 WL 115553 (D. Del. Jan. 9, 2004)   21

J & J Sports Productions, Inc. v. Barwick, Case No. 5:12-CV-05284-LHK

(May 14, 2013)                6,20,21

*J&J Sports Prods., Inc. v. Montanez*, 2010 WL 5279907                15

*Helstern v. City of San Diego*, No. 13-CV-0321-LAB, 2014 U.S. Dist.
LEXIS 9137 (S.D. Cal. Jan. 24, 2014)                10

*Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB (N.D. Cal. Oct. 25, 2013)                10

*Instituto Nacional v. Continental Ill. Nat. Bank*, 576 F. Supp. 985  (N.D. Ill. 1983)                16,17

*Kiswani v. Phoenix Sec. Agency, Inc.,* No. 05 C 4559, 2006 WL 463383
(N.D. Ill. Feb. 22, 2006)                22

*Loparco v. Village of Richton* Park, Case No. 1:08-cv-02747 (N.D.Ill Oct.22, 2008)                21

*Kendall-Jackson Winery, Ltd.*, *supra*, (Cal.App.4th 1999)                16

*Menchaca v. Am. Med. Response of Illinois, Inc.,* 6 F. Supp. 2d 971 (N.D.Ill.1998)    7

*Meridian of Palm Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 06-81108-CIV,
2007 WL 1364334 (S.D. Fla. May 8, 2007)    20

*N. Am. Mktg.,* 2012 U.S. Dist. LEXIS 105102    10

*Perez v. Gordon & Wong Law Group*, P.C., No. 11-03323,
2012 WL 1029425, (N.D. Cal. March 26, 2012)    6,12

*Qarbon.com v. eHelp Corp.,* 315 F. Supp. 2d 1046 (N.D. Cal. 2004)    6,16,18

*Robinson v. California*, 370 U.S. 660 (1962)    22,23

*Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2012)    6

*Safeco Ins. Co. of Am. v. O'Hara Corp.,* No. 08-CV-10545, 2008 WL 2558015
 (E.D. Mich. June 25, 2008)    24

*Sidney-Vinstein v. A.H. Robins Co.,*  697 F.2d 880, 885
 (9th Cir. 1983); 617 F.3d 402 (6th Cir. 2010)    5

*SEC v. Rosenfeld,* No. 97 Civ. 1467, 1997 U.S. Dist. LEXIS 10159
(S.D.N.Y. July 16, 1997)    7

*Sec. People, Inc. v. Classic Woodworking*, LLC, No. C-04-3133 MMC
2005 U.S. Dist. LEXIS 44641, 2005 WL 645592 (N.D. Cal. Mar. 4, 2005)    23

*Solis v. Couturier,* No. 08-02732, 2009 WL 2022343 (E.D. Cal. July 8, 2009)    6,7,9,17

*United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997)    15

*Winding v. Pier Management Service,* No. 96 C 7461, 1997 WL 51475
(N.D.Ill. Feb.4, 1997)    8

*Wyshak v. City Nat'l Bank*,  607 F.2d 824, 827 (9th Cir. 1979)    5,8

*Zivkovic v. S. California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002)    7,11,17

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs Evgenia Jansen and Iryna Sotnikova brought this action against the

Defendant Travelers Commercial Insurance ("Travelers") alleging breach of contract,

breach of covenant of good faith and fair dealing, fraud, and Violations of California

Business and Professions Code section 17200 et seq. Plaintiffs filed their Complaint

(Doc. No. 1) on August 23, 2016. Defendant filed their Answer (Doc. No. 12) on

September 19, 2016. Defendant alleges nineteen affirmative defenses.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A

Rule 12(f) motion to strike serves "to avoid the expenditures of time and money that

must arise from litigating spurious issues by dispensing with those issues prior to trial."

*Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983); see *Fantasy,*

*Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds; *Fogerty*

*v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L. Ed. 2d 455 (1994). A defense

may be stricken as insufficient if it fails to give plaintiff "fair notice" of the defense.

*Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); see generally Fed. R.

Civ. P. 8. A court may also strike from an answer matter that is immaterial, i.e., "that

which has no essential or important relationship to the claim for relief or the defenses

being plead," or matter that is impertinent, i.e., that which does not pertain, and is not

necessary, to the issues in question. *Fantasy*, 984 F.2d at 1527 (quoting 5C Charles A.

Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)).

The *Courts in Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955,

167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173

L. Ed. 2d 868 (2009), set a heightened "plausibility" pleading standard for

complaints. The vast majority of district courts have held that the standard set forth

in Twombly and Iqbal apply to affirmative defenses as well. See *Perez v. Gordon & Wong Law Group*, No. 11-03323, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012). "This standard `serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted.'" *Id.* (quoting *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1172 (N.D. Cal. 2010)). "This standard is also consistent with Iqbal's admonition that fair notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial." *Id.* (citing Iqbal, 556 U.S. at 678-79); *J & J Sports Productions, Inc. v. Barwick*, Case No. 5:12-CV-05284-LHK. (May 14, 2013). Providing such notice helps to ensure that the plaintiff will not be "a victim of unfair surprise." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2012).

The shotgun recitation of legal doctrines with numerous applications will not withstand a motion to strike. See *Qarbon.com v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense. *Solis v. Couturier,* No. 08-02732, 2009 WL 2022343, at 3 (E.D. Cal. July 8, 2009). As recognized by the Ninth Circuit in *Federal Deposit Ins. Corp. v. Main Hurdman,* "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations are true." 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo,* 446 U.S. 635, 640-41, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)). In contrast, denials of the allegations in the

Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses. *See Zivkovic v. S. California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002)("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Solis v. Couturier,* 2009 WL 2022343, at *3.

The Defendant should not use affirmative defenses as a means to undertake a fishing expedition to discover facts to support claims they are presently incapable of articulating. *See SEC v. Rosenfeld,* No. 97 Civ. 1467, 1997 U.S. Dist. LEXIS 10159, at *8 (S.D.N.Y. July 16, 1997). The sound policy interests in promoting judicial efficiency and a focused discovery process warrant the elimination of redundant or legally insufficient affirmative defenses, including those that do not comport with the pleading requirements of Fed. R. Civ. P. 8.

**AFFIRMATIVE DEFENSES THAT ARE RESTATEMENTS OF THE DENIALS PRESENT IN THE ANSWER TO THE COMPLAINT AND NOTAFFIRMATIVE DEFENSES**

To the extent that the Defendant restates negative defenses that exist in other parts of the complaint, those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation. *E.g. Barnes v. At t Pension Benefit Plan.* 718 F. Supp.2d 1167, 1173 (N.D. Cal. 2010); *Federal Trade Comm'n*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008). When the defenses are restatements of denials present in earlier parts of the complaint, they should be struck. *Id.*

When defendant has already put matters in issue by denying certain allegations in its answer, and defendant not only need not but cannot raise these matters again via an affirmative defense. *See Menchaca v. Am. Med. Response of Illinois, Inc.,* 6 F. Supp. 2d 971, 973 (N.D.Ill.1998) (holding that where plaintiff employee alleged

discriminatory and retaliatory reasons for her firing and defendant employer put those matters in issue by denials of those allegations, employer could not put those matters in issue again via an affirmative defense asserting that it "terminated Plaintiff's employment for legitimate business reasons"); *Winding v. Pier Management Service,* No. 96 C 7461, 1997 WL 51475, at *2 (N.D.Ill. Feb.4, 1997) (holding that affirmative defense that defendant terminated plaintiff's employment for "legitimate, non-discriminatory" reason is stricken as both unnecessary and inappropriate because this assertion was already put in issue by the defendant's denial in its answer).

## ARGUMENT

As set forth below, the Defendants' affirmative defenses fail to provide the Plaintiffs with fair notice, are legally insufficient, impertinent, redundant, and are denials rather than affirmative defenses, and should be stricken. Most defenses suffer from several deficiencies and can be stricken on multiple grounds.

### Defendant's Affirmative Defenses Should Be Stricken for Failure to Provide Fair Notice and for Being Insufficient

The majority of the Defendants' affirmative defenses are no more than bare conclusory statements and do not provide the Plaintiffs adequate information to formulate a response. As noted above, affirmative defenses must alert the Plaintiffs to the nature and grounds for such assertions. *E.g. Wyshak*, 607 F.2d at 827. In particular, the following affirmative defenses should be stricken for failure to provide proper notice: first, third through sixth, ninth through nineteenth.

### Not Proper Affirmative Defenses and Denials

Plaintiffs will argue that Travelers first affirmative defense for failure to state a claim is not properly categorized as affirmative defense. Further, Travelers second, third, fourth, fifth, seventh, eighth, fourteenth through nineteenth affirmative defense are denials and not affirmative defenses.

## "Immaterial" Defenses

Plaintiffs will argue that Travelers affirmative defenses fourth and tenth are "immaterial".

## "Redundant" Defenses

Plaintiffs will argue that Defendant restates several negative defenses that exist in other parts of the complaint making them redundant pursuant to Rule 12(f): fifth, fifteenth through nineteenth.

## Reservation of Defenses

Plaintiffs moves to strike the portion of the Defendant's answer which states that "Travelers affirmatively asserts any other matter that constitutes avoidance or a defense under applicable law. Travelers reserves the right to interpose any and all defenses available to it under Travelers' Policy and state law that may be applicable to this action, as they become available or apparent, or as they may be established during discovery and by the evidence in this case. Travelers reserves the right to amend its answer to assert such additional defenses." Answer ¶80.

The Defendant attempts to reserve unstated affirmative defenses which is not a proper affirmative defenses. As stated by the Court in *Solis v. Zenith Capital, LLC,* "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *Solis,* 2009 WL 1324051, at *7 (internal citation omitted).  "Instead, if

at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure." *Id.* "Defendant[] cannot avoid the requirements of Rule 15 simply by reserving the right to amend or supplement their affirmative defenses." *Id.* (internal quotation marks omitted). "If at some later date defendants seek to add affirmative defenses, defenses, they must comply with Rule 15". *Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB (N.D. Cal. Oct. 25, 2013).

In addition, the Defendants cannot reserve unstated affirmative defenses because such reservations fail to give Plaintiffs fair notice. Thus, it is improper to reserve unstated defenses as affirmative defenses. If Defendants discover additional defenses at some later date, the Federal Rules of Civil Procedure afford them the ability to plead them. As affirmative defenses, however, they must be stricken.

**FIRST AFFIRMATIVE DEFENSE**

The Defendant asserts as affirmative defenses that the Plaintiffs have failed to state a claim. Answer ¶82.

1)      "Failure to state a claim is not a proper affirmative defense, but, rather asserts a defect in Plaintiff's prima facie case." *N. Am. Mktg.,* 2012 U.S. Dist. LEXIS 105102, at *6 (citations omitted); *see also Helstern v. City of San Diego*, No. 13-CV-0321-LAB, 2014 U.S. Dist. LEXIS 9137, at **4-5 (S.D. Cal. Jan. 24, 2014) ("The failure to state a claim isn't an affirmative defense"(citation omitted)); *E.E.O.C. v. Interstate Hotels, LLC*, No. C 04-04092 WHA, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005) (failure to state a claim is not an affirmative defense). Defendants' argument that Plaintiffs failed to state a claim under Fed. R. Civ. P. 12(b)(6) may be appropriate in other pleadings, such as a motion to dismiss, but is not a proper affirmative defense. Defendant's first

affirmative defense is a denial that Plaintiffs have sufficiently alleged each of the elements of Plaintiff's claim.

Accordingly, Defendant's first affirmative defense is not an affirmative defense and should be stricken.

2)  Defense alleges in its entirety, "The Complaint, and each and every purported claim for relief therein, fails to state a claim upon which relief can be granted."

Defendant fails to provide a single fact to support its defense and it is mere conclusory statement. Therefore, it should be stricken as insufficient.

**SECOND AFFIRMATIVE DEFENSE**

Defendant's second affirmative defense alleges in its entirety**, "**The acts alleged to have been committed by Travelers were not the cause in fact, proximate cause, or legal cause of any damages complained of in the Complaint." While this defense fails as being conclusions of law without any supporting facts, it is also not affirmative defense but rather denial of the elements of Plaintiffs' claims.

As recognized by the Ninth Circuit in *Federal Deposit Ins. Corp. v. Main Hurdman,* "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations are true." 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo,* 446 U.S. 635, 640-41, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)). In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses. *See Zivkovic,* 302 F.3d 1080 at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative

defense."); *Solis v. Couturier,* 2009 WL 2022343, at *3.  Thus, this defense should be stricken.

**THIRD AFFIRMATIVE DEFENSE**

The Defendant fails to provide a single fact to support its defense and it is mere conclusory statement. Without additional factual development, Plaintiff cannot ascertain whether or not this defense is properly asserted in this case. *See Qarbon.com Inc. v. eHelp Corp.,* 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004).

To the extent that it is a condition precedent defense, it is insufficient. Fed. R. Civ. P. 9(c) states that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Here, the defense fails to give facts to show how the Plaintiffs breached their contractual duty and therefore fails to give Petitioner fair notice of the defense.

**FOURTH AFFIRMATIVE DEFENSE**

The Defendant's fourth affirmative defense alleges in its entirety, **"**To the extent that Plaintiffs failed to exercise reasonable and ordinary care, caution, and/or prudence to avoid the damages alleged in the Complaint, any damage award that may be awarded against Travelers should be reduced accordingly."

1) This affirmative defense merely pleads conclusions of law without any supporting facts and it should be stricken.

2) Defendant's fourth affirmative is immaterial. A matter is immaterial if it has "no essential or important relationship to the claim for relief or the defenses being plead." *Perez*, 2012 WL 1029425 at *4.

The Defendant wants to reduce the award of damages for plaintiff's comparative fault. However, Defendant's fourth affirmative defense is applicable to causes of action involving negligence. *See G & G Closed Circuit Events*, 2010 WL 3749284 at *5 (holding that comparative negligence of third parties defense was immaterial where complaint did not allege a cause of action for negligence); *Ansari v. Electronic Document Processing, Inc et al*, No. 5:2012cv01245 - Document 33 (N.D. Cal. 2012).

Here, the Plaintiffs do not allege negligence. Thus, this defense should be stricken as immaterial.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendant's fifth affirmative defense alleges in its entirety, **"To the extent that Plaintiffs failed to exercise reasonable care and diligence to mitigate their alleged damages, any recovery which may be awarded to Plaintiffs should be reduced accordingly."** Answer 86¶.

This affirmative defense merely pleads conclusions of law without any supporting facts and it should be stricken.

Plaintiffs plead in details some of the steps that their landlord and the Plaintiffs themselves took to mitigate the damages. *E.g.* Complaint ¶¶12, 13. Travelers denied these allegations in ¶¶12, 13 of their Answer. When the defense are restatements of denials present in earlier parts of the complaint, they should be struck. *E.g. Barnes v. At t,* 718 F. Supp.2d at 1173. This defense is redundant pursuant to Rule 12(f). *Id.* Thus, it should be stricken.

To the extent that Travelers denies the Plaintiffs' allegations regarding mitigating their damages, it is not an affirmative defense but rather a denial.

**SIXTH AFFIRMATIVE DEFENSE**

The Defendant's sixth affirmative defense alleges in its entirety, **"**Travelers is informed and believes, and on that basis alleges that the Complaint is barred by laches, waiver and estoppel, and/or unclean hands."

1)     This purported defense lists four distinct affirmative defenses, each of which must be pled separately.  The Defendant confusingly combines several distinct defenses under a single heading. Travelers does not suggest how any of these defenses might apply to the instant case, does not identify the elements of any of these defenses, and does not provide or even suggest factual support for any of these defenses or for any elements thereof. Therefore, sixth affirmative defense fails to give Plaintiffs fair notice of any defense because it is unclear if one of the listed defenses applies or all the listed defenses apply, and must be stricken.

2)  LACHES

In order to establish the defense of laches, "a defendant must allege 'neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar.'" *Advanced Cardovascular Sys, Inc. v.Medtronic, Inc.*, 1996 WL 467273, at *4 (N.D. Cal. July 24, 1996)(quotation omitted).

Here, the Answer fails to set forth any facts regarding how Plaintiffs' conduct allegedly gave rise to this defense of laches. As laches is an equitable doctrine and "its application depends on the facts of the particular case," *(Id.)* the Defendant fails to set forth sufficient facts to give the Plaintiffs a fair notice of the conduct giving rise to this defense. Therefore, it should be stricken as legally insufficient.

3)  WAIVER

To establish waiver, Defendant must show that Plaintiff intentionally relinquished or abandoned a known right. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). *See J&J Sports Prods., Inc. v. Montanez*, 2010 WL 5279907, at *3.

Here, the Defendant's Answer fails to set forth any facts with respect to this alleged waiver. As such, this affirmative defense is a mere reference to a legal doctrine and is insufficient to give Plaintiff fair notice of the alleged acts giving rise to this defense. *See Qarbon.com Inc. v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)(noting that "[a] reference to a doctrine, like a reference to statutory provisions, is insufficient notice" and does not meet the pleading standard of Rule 8(b)).

Thus, this defense should be stricken as "insufficient."

4)  ESTOPPEL

To establish a defense of estoppel, "a party must show that the adverse party, either intentionally or under circumstances that induced reliance, engaged in conduct upon which [the relying party] relied and that the relying party acted or changed [its] position to [its] detriment." *Solis v. Couturier*, 2009 WL 2022343, at *2 (E.D. Cal. July 8, 2009).

The Defendant's Answer fails to set forth any facts or information with respect to the Plaintiffs' inducement or the Defendant's detrimental reliance. As such, the Defendant merely pleads a legal conclusion, and therefore fails to give Plaintiff fair notice of the conduct giving rise to this defense. Thus, this defense should be stricken as "insufficient."

5)  UNCLEAN HANDS

Under the doctrine of unclean hands, "a plaintiff [must] act fairly in the matter for which he seeks a remedy.  He must come into court with clean hands, and keep them clean, or he will be denied relief, regardless of the merits of his claim." *Kendall-Jackson Winery, Ltd.*, *supra*, 76 Cal.App.4th at 978 [citations omitted].

The Defendant's Answer fails to set forth any facts or information with respect to the Plaintiffs' inequitable conduct in connection with the matter in controversy. Thus, this defense should be stricken as "insufficient."

6)      The shotgun recitation of legal doctrines with numerous applications will not withstand a motion to strike. See *Qarbon.com v. eHelp Corp.,* 315 F. Supp. 2d at 1049. Defendants provide no indication of how any of these doctrines apply to the facts of the case. Accordingly, the Court should strike sixth affirmative defense.

**SEVENTH AFFIRMATIVE DEFENSE**

In its seventh affirmative defense Travelers alleges that "superseding and intervening persons, entities or incidents, and not Travelers, are the cause of resulting damages, if any, alleged by Plaintiff." Answer ¶88.

In essence, Travelers denies the Plaintiffs' allegations regarding causation. A denial of causation is not an affirmative defense because causation is an element of the Plaintiffs' prima facie case for breach of contract and fraud. True affirmative defenses raise matters outside of the scope of plaintiff's prima facie case. *Instituto Nacional v. Continental Ill. Nat. Bank,* 576 F. Supp. 985, 991 (N.D. Ill. 1983).

Here, the Defendant denies that it was the cause of the Plaintiffs' damages by alleging that other "superseding and intervening persons, entities or incidents, and not Travelers, are the cause of resulting damages." Whereas an affirmative defense is "an

admission of the fact alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." *Instituto Nacional*, 576 F. Supp. at 988.

Thus because the Defendant denies the causation, it is a denial and not an affirmative defense and should be stricken.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant's eighth affirmative defense is not an affirmative defense, but rather a denial. Travelers allege that "The Complaint is barred because Travelers, at all times, acted reasonably in its handling of Plaintiffs' claim." Travelers fails to specify as to which cause of action does this defense apply. The Plaintiffs have to guess as to the relevancy and its application to the Plaintiffs' causes of action. As such, defense fails to give the Plaintiffs fair notice.

Further, insurer's unreasonable conduct is an element of the Plaintiffs' prima facie case for the breach of covenant of good faith and fair dealing.

The Defendant simply denies Plaintiffs' allegations that Defendant acted unreasonably, and it is a denial rather than affirmative defense as applied here. *See Zivkovic, 302 F.3d* at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Solis*, 2009 WL 2022343 at *3 (holding that denials of the allegations in the Complaint are not affirmative defenses).

In *Barnes v At t*, the court struck defense that alleged the Defendant acted reasonably, reasoning that this defense "simply provide a basis to negate an element of Barnes' prima facie case for relief and are restatements of denials present in earlier parts of the complaint." *Barnes v At t*, 718 F. Supp.2d at 1173,1174.

Accordingly, the Defendant's eighth affirmative defense must be stricken.

**NINTH AFFIRMATIVE DEFENSE**

The defense reads in its entirety, "Any liability on the part of Travelers shall be determined in accordance with the terms, conditions, definitions, limitations, and exclusions contained in Policy."

1) The Defendant fails to provide a single fact to support its defense and it is mere conclusory statement. Without additional factual development, Plaintiff cannot ascertain whether or not this defense is properly asserted in this case. *See Qarbon.com Inc. v. eHelp Corp.,* 315 F.Supp.2d at 1049. The Plaintiffs have to guess as to the nature of this Defense.

To the extent that it is a condition precedent defense, it is insufficient.

Fed. R. Civ. P. 9(c) states that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Here, the defense is so broad as to encompass the entirety of the insurance contract and therefore fails to give Petitioner fair notice of the defense.

2) To the extent that this defense attempts to deny extra-contractual liability, it is insufficient as a matter of law, as wells as a negative defense.

i. California recognizes common law bad faith remedy and does not restrict policyholders to contractual remedies. It is well established law, that "there is an implied covenant of good faith and fair dealing in every contract." E.g. *Comunale v. Traders & General Ins. Co.,* 50 Cal.2d 654 (Cal. 1958).

The modern California case law for insurance bad faith can be traced to a landmark decision of the Supreme Court of California: *Comunale v. Traders & General Ins. Co.*

California later expanded the same rule to first-party fire insurance in *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 108 Cal. Rptr. 480, 510 P.2d 1032 (1973).

In 1979, California Supreme Court further expanded the scope of the tort by holding that inadequate *investigation* of a claim was actionable in tort as a breach of the implied covenant of good faith and fair dealing.  *Egan v. Mutual of Omaha Ins. Co.*  24 Cal.3d 809 (1979).

Further, California imposes statutory liability under Unfair Competition Law, Business and Professions Code section 17200 et seq.

Therefore, Travelers ninth affirmative defense will fail with certainty, and should be stricken as a matter of law.

i.      In essence, Travelers alleges that there is no extra-contractual liability, i.e. liability is limited to what is contained in the policy. Answer ¶ 90. Thus, is not a proper affirmative defense, but rather a denial and should be stricken.

**AFFIRMATIVE DEFENSES 10-14**

Travelers simply quotes policy without suggesting how they might apply Travelers fail to give fair notice of its defenses. Plaintiffs have to guess as to the nature of these Defenses. Without additional factual development, Plaintiff cannot ascertain whether or not these defenses are properly asserted in this case. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004).

To the extent that these are condition precedent defenses, they are insufficient. Fed. R. Civ. P. 9(c) states that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Here, the defense is so broad as to encompass the entirety of the insurance contract and therefore fails to give

Petitioner fair notice of the defense.  The defense is insufficient when it does not advise Plaintiff how, why or in what way the coverage is allegedly excluded. *Meridian of Palm Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 06-81108-CIV, 2007 WL 1364334 at *2 (S.D. Fla. May 8, 2007). These affirmative defenses are insufficiently pled, they fail to give Plaintiff and the Court fair notice of the stated defense.

### TWELFTH AFFIRMATIVE DEFENSE

In ¶25 of the Complaint, the Plaintiffs allege that "The insured apartment never suffered from seepage or leakage for a period of 14 days or more." Travelers denied this allegation in the Answer ¶25. In its twelfth affirmative defense Travelers attempts to implicate the policy provision which excludes coverage for loss that "Caused by constant or repeated seepage or leakage that occurs over a period of 14 days or more" as an affirmative defense.

To the extent of Travelers denial of the Plaintiffs' allegation that the insured apartment never suffered from seepage or leakage for a period of 14 days or more, it is not an affirmative defense. The denials of the allegations in the Complaint are not affirmative defenses as per *Zivkovic v. S. California Edison Co*.

### FOURTEENTH AFFIRMATIVE DEFENSE

Travelers simply quotes policy without suggesting how it might apply Travelers fail to give fair notice of its defense.

To the extent of Travelers asserts statute of limitation defense, this defense is insufficient as a matter of law.

In *J & J Sports Productions, Inc. v. Barwick*, the San Jose Division of this court struck Defendant's statute of limitations defense because they were not supported by

any factual allegations. The court reasoned, "These allegations establish that Plaintiff's claims were brought within the applicable statute of limitations periods. Defendant does not allege any contrary facts from which it may be inferred that Plaintiff's claims were not brought within the statute of limitations period. Therefore, Defendant's statute of limitations defense fails and must be stricken." *J & J Sports Productions, Inc. v. Barwick*, Case No. 5:12-CV-05284-LHK (May 14, 2013).

The Defendant alleges that action against it must be started within one year after the date of the loss. Answer ¶9. In this case, the date of loss is August 5, 2015. See Travelers Denial Letter, Exhibit 2 of the Complaint. Further, in its Denial Letter Travelers set forth applicable statute of limitation. Travelers advised that the Statute of Limitation was tolled from the day of reporting the claim till the date of the Denial Letter. In this case, the Statute was tolled to August 25, 2015- the date of Travelers Denial Letter. Complaint, Exhibit 2.

The Complaint against Travelers was filed on 8/23/2016. It is within statute of limitation alleged by Travelers. Travelers does not allege any contrary facts and fails to state how it bars Plaintiffs' claim.

As in *J & J Sports Productions, Inc. v. Barwick*, the Defendant's statute of limitations defense fails here. This defense has no merit and must be stricken as a matter of law.

**AFFIRMATIVE DEFENSES 15-19**

At this point, Defendant is challenging the constitutionality of damages which have not yet been awarded.

1)    Assertions that punitive damages are not recoverable or constitutional do not constitute affirmative defenses under Section 8(c ). *Devermont v. City of San Diego,* Case no. 12-cv-01823 ben (ksc) (S.D. Cal. Jun. 12, 2013), *Loparco v. Village of Richton* Park, Case No. 1:08-cv-02747.

Many courts are inclined to strike constitutional defenses raised as affirmative defenses. As one court stated, "'affirmative defenses, if accepted by the court, will defeat an otherwise legitimate claim,'" *Greiff v. T.I.C. Enter., L.L.C.,* No. Civ. 03-882-SLR, 2004 WL 115553, at *3 (D. Del. Jan. 9, 2004)(quoting *FDIC v. Haines*, 3 F. Supp. 2d 155, 166 (D. Conn 1997)); whereas constitutional defenses "entirely overlook liability and focus solely on potential relief." Id.; See also *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982)(finding that an affirmative defense is a basis for denying liability even if the facts of the complaint are true)

Another court stated "[a]ssertions that punitive damages are not recoverable or constitutional do not constitute affirmative defenses under Section 8(c)" of the Federal Rules of Civil Procedure. *Kiswani v. Phoenix Sec. Agency, Inc.,* No. 05 C 4559, 2006 WL 463383, at *5 (N.D. Ill. Feb. 22, 2006).

2)    Sixteenth affirmative defense fails to give Plaintiffs fair notice of any defense, is vague and immaterial, and must be stricken.

In *Robinson v. California*, 370 U.S. 660 (1962), the Court set aside a conviction under a law making it a crime to "be addicted to the use of narcotics." The statute was unconstitutional because it punished the "mere status" of being an addict without any requirement of a showing that a defendant had ever used narcotics within the jurisdiction of the State or had committed any act at all within the State's power to

proscribe, and because addiction is an illness which--however it is acquired-- physiologically compels the victim to continue using drugs. The case could stand for the principle, therefore, that one may not be punished for a status in the absence of some act. *See Id.*

The constitutional aspect of this defense is vague and confusing. The Defendant fails to allege how punishment of status is implicated in its case. The Defendant alleges that damages for breach of the implied covenant of good faith and fair dealing is impermissible punishment of status. However, clearly the punishment in our case is for the act – breach of the implied covenant of good faith and fair dealing. A defense may be insufficient as a matter of pleading or a matter of law. *Sec. People, Inc. v. Classic Woodworking*, LLC, No. C-04-3133 MMC , 2005 U.S. Dist. LEXIS 44641, at *5, 2005 WL 645592 (N.D. Cal. Mar. 4, 2005). Thus, this defense fails as matter of law and should be stricken.

Defendant's seventeenth affirmative defense of freedom from cruel and unusual punishment and from excessive fines is also insufficient as a matter of law.

The United States Supreme Court, in the case of *Browning-Ferris Industries v. Kelco Disposal, Inc.* held that an excessive fine argument was not available under the Eighth Amendment of the United States Constitution when the suit is between two private parties. 492 U.S. 257 (1989). It is implausible that the Defendant will be able to bring excessive fine argument under the state Constitution.

3)     Defendant's nineteenth affirmative defense fails to give Plaintiffs fair notice of any defense, is vague and immaterial, and must be stricken.

It is unclear what is "impermissibly vague, imprecise, and inconsistent." Answer ¶105. It is unclear what Defendant's rights, if any, are implicated. This defense is bare conclusory statements and do not provide Plaintiffs adequate information to formulate a response, and must be stricken.

4)  The concept of an affirmative defense under Fed.R.Civ.P. 8(c) requires a responding party to admit a complaint's allegations. Here, the Defendant firsts denied allegation of punitive damages but then raised constitutional defense to punitive damages as an affirmative defense. Defendant cannot both affirm and deny the same allegation. Defenses that were already denied are not affirmative defense. *See Menchaca v. Am. Med. Response of Illinois, Inc.,* 6 F. Supp. 2d 971, 973 (N.D.Ill.1998).Those defenses are also redundant pursuant to Rule 12(f) and should be struck as per *Barnes v. At t Pension Benefit Plan.*

Plaintiffs alleged punitive damages in their second cause of action for breach of covenant of good faith and fair dealing and in their third cause of action for fraud. Complaint ¶¶54, 65. Defendant denied these allegations. Answer ¶¶54, 65.

Thus affirmative defenses 15 through 19 should be stricken as legally insufficient, not affirmative defenses, and redundant.

## PREJUDICE TO PLAINTIFFS

If the court were to permit legally unsustainable affirmative defenses to survive, Plaintiffs would be required to conduct expensive "shot in the dark" discovery.

Plaintiffs will have to file interrogatories, take depositions, and request documents in an attempt to determine which affirmative defenses actually have merit.  *Safeco Ins. Co. of Am. v. O'Hara Corp.,* No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich.

June 25, 2008); see also *Barnes v. AT&T Pension Benefit Plan Non-Bargained Program*, 718 F. Supp. 2d. at 1173 (N.D. Cal. 2010) (recognizing that responding to insufficiently pled affirmative defenses would require the plaintiff to "conduct expensive and potentially unnecessary and irrelevant discovery.")

## LEAVE TO AMEND

Leave to amend should be given when doing so would not cause prejudice to the opposing party. *Wyshak*, 607 F.2d at 826. Due to the prejudice to the Plaintiffs as alleged above, this Court should strike the affirmative defenses without the leave to amend.

Further, due to the above mentioned defenses being immaterial, impertinent, and not true affirmative defense, they cannot be cured and should be stricken without the leave to amend.

## CONCLUSION

Accordingly, for the reasons set forth herein the Court should strike, pursuant to pursuant to Federal Rule of Civil Procedure 12(f), all nineteen of the Defendant's affirmative defenses, without the leave to amend.

Dated: October 10, 2016

S/ *E Jansen*

_____

By Evgenia Jansen
Attorney for Plaintiffs