<div style="text-align:center">

1

2

3

4      UNITED STATES DISTRICT COURT

5      NORTHERN DISTRICT OF CALIFORNIA

6

</div>

7    EVGENIA JANSEN, et al.,                         Case No.16-cv-04834-JST

8                    Plaintiffs,                     **ORDER GRANTING PLAINTIFFS'
                                                     MOTION TO STRIKE DEFENDANT'S**
9            v.                                      **AFFIRMATIVE DEFENSES**

10   TRAVELERS COMMERCIAL                            Re: ECF No. 14
     INSURANCE COMPANY,
11
                     Defendant.
12

13           Before the Court is Plaintiffs' Motion to Strike Defendant's Affirmative Defenses.  The

14   Court will grant the motion.

15   **I.       BACKGROUND**[1]

16           On or around December of 2011, Plaintiffs Evgenia Jansen and Iryna Sotnikova

17   ("Plaintiffs") purchased a renter's insurance policy ("the Policy") from Defendant Travelers

18   Commercial Insurance Company ("Travelers").  ECF No. 1 ¶ 9.  The Policy renewed

19   automatically every year for a four-year period.  Id.  Under the policy, Travelers agreed to "insure

20   for direct physical loss to [personal] property . . . caused by . . . accidental discharge or overflow

21   of water or steam from within a plumbing . . . system."  Id. ¶ 11.

22           In June of 2015, Plaintiffs' rented apartment suffered a bathroom leak and the resulting

23   leakage flooded various areas in the apartment.  Id. ¶ 12.  Plaintiffs noticed several personal

24   property items suffering from rust, water damage, and other similar damage.  Id. ¶ 13.  Plaintiffs

25   contacted Travelers to report the damage and file a claim.  Id. ¶¶ 13-14.  According to Plaintiffs,

26   during their first conversation with Travelers, the claim handler expressed doubt that the claim

27

28   _____

     [1] The following allegations are taken from Plaintiffs' complaint.

<div style="writing-mode:vertical">United States District Court
Northern District of California</div>

1 would be approved. Id. ¶ 15. The claim was ultimately denied in August of 2015, and it appears

2 that Travelers did not conduct any tests or inspections of the rented property or of Plaintiffs'

3 damaged personal property. Id. ¶¶ 16-20.

4       Plaintiffs filed a complaint against Travelers, asserting claims for breach of contract,

5 breach of the covenant of good faith and fair dealing, fraud, and violations of California's Unfair

6 Competition Law. See ECF No. 1. Travelers' answer asserts 19 affirmative defenses. Travelers

7 has voluntarily withdrawn Affirmative Defense No. 8 and has agreed to replead Affirmative

8 Defense No. 6. See ECF No. 16 at 14 n.2. The Court now considers Affirmative Defense Nos. 1-

9 5, 7, and 9-19, which remain at issue.[2]

10 **II.    LEGAL STANDARD**

11       Under Federal Rule of Civil Procedure 12(f), a district court may strike from the pleading

12 "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A

13 defense is insufficiently pleaded if it fails to give a plaintiff "fair notice" of the nature of the

14 defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). Although the Ninth

15 Circuit has not addressed whether the Twombly/Iqbal heightened pleading standard applies to

16 motions to strike affirmative defenses, the Court agrees with the many judges in this District who

17 have found that the Twombly/Iqbal standard applies.[3] See, e.g., Hernandez v. County of

18

19 [2] Travelers contends that Plaintiffs' Motion to Strike is not timely, see ECF 16 at 7-8, because Plaintiffs' Motion was filed on October 11, 2016, twenty-two days (22) days after service of

20 Travelers' Answer, when it should have been filed by October 10, 2016. Id. October 10 was Columbus Day, a legal holiday, and the period to respond was therefore extended "until the end of

21 the next day," or October 11, 2016. Fed. R. Civ. P. 6(a)(1)(C) and 6(a)(6)(A). Plaintiffs' Motion is timely.

22 [3] Travelers argues that two Ninth Circuit cases establish that the Twombly/Iqbal pleading standard

23 does not apply to affirmative defenses. ECF No. 16 at 10 (citing to Simmons v. Navajo County, 609 F.3d 111, 1023 (9th Cir. 2010) and Schutte & Koerting, Inc. v. Swett & Crawford, 298 F.

24 App'x 613, 615 (9th Cir. 2008)). Travelers' reliance on both of these cases is misplaced: both cases hold that an affirmative defense must give the plaintiff fair notice of the defense, but neither

25 addresses the applicability of the Twombly/Iqbal standard. See Simmons, 609 F.3d at 1023 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff

26 fair notice of the defense.") (internal quotation marks and citation omitted); Schutte, 298 F. App'x at 615 ("Fed. R. Civ. P. 8(c) . . . require[s] that the pleading give plaintiff 'fair notice of the

27 defense.'") (internal citation omitted). Travelers mistakenly asserts "this very Court" has concluded otherwise with respect to whether the Ninth Circuit has addressed the issue, but

28 Travelers cites to a case from the Central District of California by a judge who also has the initials "JST." See ECF No. 16 at 10 (citing to Baroness Small Estates, Inc. v. BJ's Restaurants, Inc., No.

United States District Court
Northern District of California

1  Monterey, 306 F.R.D. 279, 283 (N.D. Cal. 2015) (Most district courts in this circuit agree that the

2  heightened pleading standard of Twombly and Iqbal . . . is now the correct standard to apply to

3  affirmative defenses.") (internal quotation marks omitted); Barnes & Noble, Inc. v. LSI Corp., 849

4  F. Supp. 2d 925, 928 (N.D. Cal. 2012) ("Most courts have held that the Iqbal/Twombly pleading

5  standards apply to affirmative defenses, such that they must state a plausible claim for relief.");

6  Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D.

7  Cal. 2010) ("The court can see no reason why the same principles applied to pleading claims

8  should not apply to the pleading of affirmative defenses which are also governed by Rule 8.").

9       Applying this heightened pleading standard requires a defendant to provide "some valid

10  factual basis for pleading an affirmative defense" and allows a district court to "weed out the

11  boilerplate listing of affirmative defense which is commonplace in most defendants' pleadings."

12  Barnes, 718 F. Supp. 2d at 1172 (internal quotation marks omitted).  "Just as a plaintiff's

13  complaint must allege enough supporting facts to nudge a legal claim across the line separating

14  plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a

15  plaintiff on notice of the underlying factual bases of the defense."  Hernandez, 206 F.R.D. at 284.

16  If an affirmative defense is stricken, the court should freely grant leave to amend when doing so

17  would not cause prejudice to the opposing party.  Wyshak, 607 F.2d at 826.

18       Plaintiffs argue that if Travelers' affirmative defenses are not stricken from the Answer,

19  Plaintiffs will "be required to conduct expensive 'shot in the dark' discovery."  ECF No. 14 at 24.

20  "Plaintiffs' claim of prospective prejudice corresponds to the evils that Rule12(f) is intended to

21  avoid only to the extent that the Court concludes that the defenses are frivolous, legally deficient

22  or otherwise inappropriate."  Smith v. Wal-Mart Stores, No. C 06-2069 SBA, 2006 WL 2711468,

23  at *4 (N.D. Cal. Sept. 20, 2006) (citing to Sidney-Vinson v. A.H. Robins Co., 697 F.2d 880, 885

24  (9th Cir. 1983) ("[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time

25  and money that must arise from litigating spurious issues by dispensing of those issues prior to

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28  SACV 11-00468-JST (Ex.), 2011 WL 3438873, at *5 (C.D. Cal. Aug. 5, 2011)).  Baroness, along
with the other district court cases that Travelers cites, are not binding on this Court.  See ECF No.
16 at 10-12.

United States District Court
Northern District of California

3

1    trial. . . .").

2    **III.   DISCUSSION**

3          Plaintiffs move to strike each of the affirmative defenses in Travelers' answer because the

4    "affirmative defenses fail to provide the Plaintiffs with fair notice, are legally insufficient,

5    impertinent, redundant, and are denials rather than affirmative defenses."  ECF No. 14 at 8.  The

6    Court agrees with Plaintiffs and will therefore strike each of Defendant's affirmative defenses.

7          **A.    Affirmative Defense No. 1**

8          As an initial matter, the Court is unable to determine to which claims, if any, in the

9    Complaint Travelers' first affirmative defense applies.  The first affirmative defense asserts "[t]he

10   Complaint, and each and every purported claim for relief therein, fails to state a claim upon which

11   relief can be granted," ECF No. 12 ¶ 82, but does not provide any factual basis for this allegation.

12         Even assuming a factual basis, Travelers' first affirmative defense, as Plaintiffs correctly

13   argue, "is not a proper affirmative defense[,] . . .[it] is a denial that Plaintiffs have sufficiently

14   alleged each of the elements of Plaintiff[s'] claim[s]."  ECF No. 14 at 10-11.  "Failure to state a

15   claim is not a proper affirmative defense but, rather, asserts a defect in [a plaintiff's] prima facie

16   case."  Barnes, 718 F. Supp. 2d at 1174; see also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080,

17   1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof

18   is not an affirmative defense.") (citing In re Rawson Food Service Inc., 846 F.2d 1343, 1349 n.9

19   (11th Cir. 1988) (failure to state a claim "is not an affirmative defense but rather is a general

20   defense akin to a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim upon which relief can

21   be granted.")); Richmond v. Mission Bank, No. 14-cv-00184, 2014 WL 2002312, at *5 (E.D. Cal.

22   May 15, 2014) (striking failure to state a claim as an affirmative defense in defendant's answer

23   and noting that "numerous courts have determined this is not a proper affirmative defense because

24   it is simply an assertion of a defect in the complaint").

25         Travelers cites to several district courts denying motions to strike in a similar context, see

26   ECF No. 16 at 13-14, but none of these cases are binding on this Court and, more importantly,

27   none cite to any authority suggesting that "failure to state a claim" is an affirmative defense.

28   Travelers, along with some of the cases it cites, suggest that the Federal Rules of Civil Procedure

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    support its argument, ECF No. 16 at 14.  But while Rule 12(h)(2) states that "[f]ailure to state a

2    claim upon which relief can be granted may be raised in any pleading allowed by Rule 7(a)," and a

3    defendant's answer is one such pleading, see Fed. R. Civ. P. (7)(a)(2), it does not follow that

4    failure to state claim upon which relief can be granted is an affirmative defense.  Accordingly, the

5    Court strikes Travelers' Affirmative Defense No. 1 without leave to amend.

6        **B.    Affirmative Defense Nos. 2-19**[4]

7            **1.    Improper Affirmative Defenses**

8        Plaintiffs argue that "Travelers second, third, fourth, fifth, seventh, eighth, fourteenth

9    through nineteenth affirmative defense[s] are denials and not affirmative defenses."  ECF No. 14

10   at 9.  The Court agrees in part.

11       For example, Affirmative Defense No. 2 asserts:  "The acts alleged to have been

12   committed by Travelers were not the cause in fact, proximate cause, or legal cause of any damages

13   complained of in the Complaint."  ECF No. 12 ¶ 83.  Plaintiffs argue that this defense is not a

14   proper affirmative defense because it is a denial.  ECF No. 14 at 11.  Travelers does not respond to

15   this latter point, instead arguing generally that, "without further discovery, Travelers cannot allege

16   who or what did [cause the alleged damages]."  ECF No. 16 at. 15.  However, "[a] defense which

17   demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."

18   Zivcovic, 302 F.3d at 1088.  As such, this purported defense must be stricken.  See E.E.O.C. v.

19   Interstate Hotels, L.L.C., No. 04-04092WHA, 2005 WL 885604, at *4 (N.D. Cal. Apr. 14, 2005)

20   (striking purported affirmative defense on the ground that "the role of an affirmative defense is to

21   set forth new matter beyond the minimum plaintiff must prove").  Because Affirmative Defense

22   Nos. 3, 4, 5,  and 7 similarly allege that Plaintiffs have not met their burden of proof, the Court

23   strikes each of these affirmative defenses without leave to amend.

24       As to Affirmative Defenses Nos. 15-19, each of which argues Plaintiffs' prayer for

25   exemplary damages is in violation of the California Constitution, Travelers argues that "[t]he

26

27   _____

     [4] Travelers has agreed to re-plead Affirmative Defense No. 6 into separate affirmative defenses
28   and to withdraw Affirmative Defense No. 8, see ECF No. 16 at 14 n.2, so the Court does not
     address those defenses.

1    unconstitutionality of punitive damages has been recognized as a proper affirmative defense."

2    ECF No. 16 at 16 (citing to <u>Weddle v. Bayer AG Corp.</u>, No. 11CV817 JLS, 2012 WL 1019824, at

3    *5 (S.D. Cal. Mar. 26, 2012)).  Plaintiffs argue, with citations to cases from other district courts,

4    <u>see</u> ECF No. 14 at 22, "[a]ssertions that punitive damages are not recoverable or constitutional do

5    not constitute affirmative defenses."  There does not appear to be any such limitation on

6    affirmative defenses in the Ninth Circuit.  <u>See</u> <u>Smith</u>, 2006 WL 2711468, at *6 (finding that the

7    Ninth Circuit has held that "defendant may, in the context of a Title VII case, 'establish an

8    affirmative defense to punitive damages liability when they have a bona fide policy against

9    discrimination[,]'" and holding that "Defendant may advance affirmative defenses regarding

10   potential relief.") (quoting <u>Passantino v. Johnson & Johnson Consumer Prods.</u>, 212 F.3d 493, 516

11   (9th Cir. 2000)).  Consequently, this Court will permit Travelers to advance affirmative defenses

12   regarding potential relief, provided that Travelers provides a sufficient factual basis for asserting

13   the affirmative defenses.  <u>See</u> <u>infra</u> section III.B.2.

## 2.    Insufficient Factual Basis[5]

15       Plaintiffs argue that "[t]he majority of the . . . affirmative defenses are no more than bare

16   conclusory statements and do not provide the Plaintiffs adequate information to formulate a

17   response."  ECF No. 14 at 8.  Travelers responds that "such information is readily available to

18   [Plaintiffs] through discovery[,]" ECF No. 16 at 8, but does not deny that each of the affirmative

19   defenses as pleaded in its Answer lacks a factual basis.

20       The Court concludes Affirmative Defense Nos. 2-19 each fail to put Plaintiffs "on notice

21   of the underlying factual bases of the defense."  <u>Hernandez</u>, 306 F.R.D. at 284.  None of these

---

23   [5] Travelers requests that this Court take judicial notice of an order from another court in this
     District, denying a motion to strike affirmative defenses even though the affirmative defenses were
24   factually deficient.  <u>See</u> ECF No. 16-1.  Plaintiffs argue Travelers is asking the Court to take
     judicial notice of a disputed legal conclusion, namely whether striking affirmative defenses is
25   appropriate at this time.  ECF No. 17-1 at 2-3.  A court "must take judicial notice if a party
     requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2). The
26   court order Travelers submitted is appropriate for judicial notice and the request is therefore
     granted.  <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "may take judicial
27   notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at
     issue").  However, the Court only takes judicial notice of the existence of the order, not of the
28   allegations or legal conclusions asserted in it.  <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689-
     90 (9th Cir. 2001).

United States District Court
Northern District of California

1    affirmative defenses includes any factual allegations as all.  It is hard to imagine a more

2    conclusory, boilerplate set of affirmative defenses than those pleaded here.

3          For example, Travelers' Third Affirmative Defense states in whole: "Plaintiffs are

4    foreclosed from seeking damages in connection with any alleged breach of duty arising out of the

5    insurance contract to the extent that Plaintiffs failed to perform their obligations under the Policy."

6    ECF No. 12 ¶ 84.  "This fails to point to the existence of some identifiable fact that if applicable to

7    [Plaintiffs] would make the affirmative defense plausible on its face."  Hernandez, 306 F.R.D. at

8    285 (internal quotation marks omitted).  "Fair notice pleading is not intended to give parties a free

9    license to engage in unfounded fishing expeditions on matters for which they bear the burden of

10   proof."  Id. (internal quotation marks omitted).  Accordingly, the court strikes this affirmative

11   defense.

12         Because Affirmative Defenses Nos. 2, 4, 5, 7, and 9-19[6] are similarly devoid of any factual

13   allegations, which would put Plaintiffs on notice for the basis of these affirmative defenses, the

14   Court strikes each of these affirmative defenses.  Because the Court finds Affirmative Defense

15   Nos. 2-5 and 7 to be denials and not affirmative defenses, the Court grants Travelers leave to

16   amend Affirmative Defense Nos. 9-19 only.

                                    **CONCLUSION**

18         Plaintiffs' Motion to Strike is granted without leave to amend regarding Affirmative

19   Defenses Nos. 1, 2, 3, 4, 5, and 7.  Plaintiffs Motion to Strike is granted with leave to amend

20   / / /

21   / / /

22   / / /

23

_United States District Court_
_Northern District of California_

---

[6] In Affirmative Defenses Nos. 9-14, Travelers cites to the Policy to which Plaintiffs agreed.  See
ECF No. 12 ¶¶ 90-100.  Travelers, however, does not include any factual allegation suggesting
that Plaintiffs did not adhere to the Policy's provisions or that the circumstances relating to the
leakage in Plaintiffs' apartment is not covered by the Policy.  Similarly, for Affirmative Defenses
Nos. 15-19, Travelers cites to the California Constitution and California law, but does not provide
any factual analysis for why these provisions apply to the case at hand.  See id. ¶¶ 101-105.
Travelers claims that punitive and exemplary damages violate the California Constitution are
nothing more than statements of opinion in their current form; without additional development
from Travelers, Plaintiffs cannot ascertain the basis for these affirmative defenses.

1    regarding Affirmative Defenses No. 9-19.  Travelers may file an amended answer within fourteen

2    days of the date of this order.

3         IT IS SO ORDERED.

4    Dated:  February 15, 2017

5

6    _____
                              JON S. TIGAR
7                       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28